BRUNOT, J.
 

 This is a suit upon a recorded notarial act which, on its face, purports to be a cash sale of the property described therein, with the right reserved to the vendor to redeem the property within a fixed time. The redemption clause is in the following words:
 

 “it is understood and agreed that if this amount or such part thereof as is due on January 1, 1909, is taken up this Deed is to be made back to me otherwise to be in full force and effect.”
 

 The right reserved in the quoted clause was not exercised, and after the lapse of about 17 years this suit was filed.
 

 The prayer of the petition is for a judgment recognizing plaintiff as the owner of the property and entitled to its possession;
 
 *484
 
 ordering the delivery of possession of it to the plaintiff; and for general relief.
 

 The defendants first plead the liberative prescription of ten years, and, in the alternative, plead the acquisitive prescription of ten years. The prescription liberandi causa is based upon the allegation, that the instrument sued upon is a pignorative agreement; that it was executed more than ten years before the suit to enforce it was filed, and therefore all rights of the plaintiff under it are barred by prescription.' The alternative plea is based upon the allegation that, if the instrument sued up on- is held to be an act of conveyance, defendant J. H. M. Thomas has been in actual possession of the property, under a title translative of it, for more than ten years and has acquired it by the prescription of ten years, aequirendi causa.
 

 The prayer of the defendants is that the instrument sued upon be declared to be a contract of security; that it be canceled and ordered erased from the conveyance records of Caddo parish, or, in the alternative, that defendants’ plea of prescription aequirendi causa be sustained.
 

 The trial resulted in a judgment decreeing the instrument sued upon to be a mortgage, sustaining defendants’ plea of prescription liberandi causa, and dismissing the suit. From this judgment the plaintiff appealed.
 

 The decision of the case hinges, first, upon the character of the instrument sued upon. If it is found to be a mortgage, the judgment of the lower court is correct, but, if it be a deed which became absolute when defendant did not timely exercise his right to redeem the property, the judgment is erroneous, provided defendant possessed thereafter for the bank, and provided it be found that the subsequent transfers of the property, which-are relied upon by defendants as the basis of the plea of prescription aequirendi causa, were not made in good faith. The deed is as follows:
 

 “.State of Louisiana, Parish of Caddo.
 

 “Be it Known that on this day before me A. C. Potts Notary Public, in and for said parish, duly commissioned and sworn came and appeared James Henry Marion Thomas, and his wife, Mrs. Minnie Thomas, both of Caddo Parish and State of Louisiana, who declared that they do by these presents grant, bargain, sell, convey and deliver, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto the First Natl. Bank of Atlanta, Cass Co., Texas, whereas John- J. Ellington is President, the following described property, to wit:
 

 “Northeast quarter of Northwest quarter of Section 23, Township 23, Range 16 W. La. Mer. and Lots 8, 9,10, 11 and 12 B. Block six and lot Two in Block 21, is where my store and warehouse stands, all in Caddo Ph. La.
 

 “To have and to hold the said described property unto said purchaser his heirs and assigns forever.
 

 “This sale is made for the consideration of the sum, of Two Thousand Dollars, cash in hand paid, receipt of which is hereby acknowledged. It is understood and agreed that if this amount or such part thereof as is due on January 1,1909, is taken up this Deed is to be made back to me otherwise to be in full force and effect.
 

 “The certificate of mortgages is hereby waived by the parties and evidence of the payment of taxes produced.
 

 “Done and passed at my office in said Parish of Caddo, in the presence of H. Finch-er Eason and John Thomas, competent wit
 
 *486
 
 nesses on this the 11th day of January A. D. Nineteen Hundred and Eight.
 

 “James Henry Marion Thomas
 

 “Minnie Thomas
 

 “A. O. Pitts, Notary Public
 

 “Attest:
 

 “H. Fincher Eason
 

 “John Thomas.”
 

 This document, together with the indorsement thereon, showing that it was filed for record on January 29, 1908, is certified by the clerk and ex officio recorder as being a true and correct copy of the original, which appears on the Conveyance Records of Caddo Parish in Book 48, p. 727.
 

 The defendants do not allege either fraud or error in the confection of the instrument. The defendant J. H. M. Thomas admits that it was executed, in good faith, to liquidate a note for $2,000, representing an existing indebtedness due the pláintiff. It is shown that the series of transfers of the property made subsequent to January 1, 1909, by which two of the sons and the son-in-law of Thomas pretend to have acquired from Thomas, and thereafter from each other, title to the property, and which alleged transfers are made the basis for defendants’ plea of prescription acquirendi causa, were made without consideration and none of these pretended vendees ever had possession of the property.
 

 The record convinces us that these alleged transfers were made in bad faith, and that they did not convey to the pretended vendees named therein any title to or interest in the property.
 

 Mr. King, an official of the plaintiff bank, who represented that institution in the transaction which was closed by the execution of the deed sued upon, testified that, after the deed was delivered .to the bank, the defendant’s note for $2,000 was charged off the books of the bank, and, from that date, the property was carried on its books as real estate. He also testified that Thomas thereafter held possession of the property for the bank. Plaintiff tendered proof to explain the character of Thomas’ possession of the property after the delivery and recordation of the deed, but, upon objection by defendant, this testimony was excluded. Mr. King, however, in response to a pertinent question, was permitted to say:
 

 “No sir, he said the property was ours and we could take it the way we wanted to but he wanted to hold it because it.was his home and we told him we would help him out as long as he paid it hack arid paid the interest, and the record shows-we held it for five years and he agreed to pay the taxes and two hundred dollars a year.”
 

 The record shows that the vendor has remained in continuous possession of the property from the date of the deed; therefore, unless it be established that his possession, since that date, was as vendee’s ágent, lessee, manager, or custodian, the lower court’s judgment sustaining the plea of prescription liberandi causa is correct. The question thus presented is one of fact upon which the decision of this case must rest.
 

 For this reason, the case should be remanded and all testimony tending to establish the, exact character of the vendor’s possession of the property, after the recordation of the deed purporting to convey it to the vendee, should be admitted; otherwise, grave injustice may be done one of the litigants.
 

 We think the case should be remanded only for the purpose stated. We have considered defendants’ contention that $2,000 was a vile price for the property, but, on this issue, the evidence in the record convinces us that, at.
 
 *488
 
 the date of the deed, $2,000 was the fairly approximate value of the property. Owing to the then distressing condition of the section of the state in which the property is situated, it is doubtful if it would have sold for cash, for that price, to any one.
 

 For these reasons it is decreed that the judgment appealed from be and it is avoided, and this ease is remanded to be tried according to law and the views herein expressed. The costs of this appeal to be paid by appellee.